UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KAREN GUTHRIE, individually and on behalf )
of the ESTATE OF DONALD GUTHRIE, )
)
      Plaintiff, )
) 1:11-CV-333
v. )
) *Lee*
GREGORY BALL, M.D. and )
MELISSA RODGERS, P..A. )
)
      Defendants. )

## **O R D E R**

On March 23, 2012, Plaintiff filed a motion to consolidate discovery, pretrial, and scheduling matters in this case with another case she filed in this Court, *Guthrie v. Watson Pharmaceuticals, Inc.*, *et al.,* Civil Action No. 1:11-cv-109 (the "Watson case")[Doc. 23].[1] Plaintiff's motion seeks entry of a consolidated scheduling order, but Plaintiff did not file a similar motion in the earlier-filed Watson case where a scheduling order was entered on November 14, 2011. On April 3, 2012, Defendants, who are not currently parties in the Watson case, filed a response to the motion to consolidate that indicated some general agreement to consolidating discovery and pretrial matters, but also stated an objection to being subject to the scheduling order previously entered in the Watson case [Doc. 25].

On April 13, 2012, pursuant to 28 U.S.C. § 1407, Plaintiff moved for the Judicial Panel on

---

[1] Plaintiff did not report the Watson case was a related case on the civil cover sheet at the time she filed this case [Doc. 1-5].

Multidistrict Litigation to create a Watson Fentanyl Patch MDL and to transfer the Watson case, along with other federal Watson Fentanyl Patch lawsuits, to the United States District Court for the Northern District of Illinois for consolidated proceedings. On April 16, 2012, the parties in the Watson case jointly moved to stay the Watson case pending a decision by the Judicial Panel on Multidistrict Litigation. On May 1, 2012, the Court entered a joint proposed order in the Watson case, which vacated its November 14, 2011 scheduling order and stayed the Watson case pending a decision by the Judicial Panel on Multidistrict Litigation.

In the meantime, the parties in this matter consented to the magistrate judge and a scheduling conference was held April 23, 2012. During the scheduling conference, the parties' positions on consolidation were discussed, including whether their respective position was changed by Plaintiff's request to transfer the Watson case to the proposed MDL proceeding. Plaintiff's failure to file a motion for consolidation in the Watson case was also discussed. As a result of these discussions, each party was directed to file a supplemental brief addressing the issues of consolidation raised during the scheduling conference. Plaintiff was directed to file her pleading regarding consolidation by May 7, 2012, and Defendants were directed to file any response by May 14, 2012.

Plaintiff did not make a timely filing or request an extension of time. Defendants, however, filed a supplemental response arguing that consolidation with any MDL proceedings in the Watson case would be improper and objecting to consolidation in light of the potential transfer of the Watson case to the Northern District of Illinois [Doc. 30]. Defendants also argue consolidation will impede their discovery efforts and possibly result in the running of limitations periods.

Under these circumstances, the Court concludes Plaintiff's failure to address consolidation in light of the potential MDL transfer indicates she is no longer interested in consolidating this

2

matter with the Watson case at this time. Accordingly, Plaintiff's motion to consolidate [Doc. 23] is **DENIED WITHOUT PREJUDICE**. This order does not preclude any party from properly and timely seeking consolidation, if warranted, in the future.

      SO ORDERED.

      ENTER:

                                       s/ *Susan K. Lee*
                                       SUSAN K. LEE
                                       UNITED STATES MAGISTRATE JUDGE