KAREN GUTHRIE, *Individually and on* )
*behalf of the estate of* DONALD GUTHRIE, )
)
       Plaintiff, )
)      Case No. 1:11-cv-333
v. )
)
GREGORY BALL, M.D., *et al.*, )
)
      Defendants. )

## <u>MEMORANDUM AND ORDER</u>

Before the Court is a motion for summary judgment [Doc. 6] filed by Defendant Melissa

Rodgers, P.A. ("Rodgers" or "Defendant Rodgers"). Defendant Rodgers claims that Plaintiff failed

to comply with the notice requirement of the Tennessee Medical Malpractice Act ("TMMA") prior

to filing the instant case and, therefore, the claims against her must be dismissed.

For the reasons explained below, Defendant Rodgers' motion for summary judgment [Doc.

6] will be **GRANTED** and the claims against Defendant Rodgers will be **DISMISSED WITHOUT**

**PREJUDICE**.

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff alleges in the complaint that she is the surviving spouse of Donald Guthrie

("Decedent"), who was a patient of Defendant Rodgers and Defendant Gregory Ball, M.D.

("Defendant Ball") [Doc. 1 at PageID#: 1-2]. Plaintiff alleges that Decedent was given a

prescription for a 75 mcg Watson fentanyl patch while under the care of Defendant Rodgers and

Defendant Ball and was wearing the patch at the time of his death on March 25, 2010 [*id.* at

PageID#: 2]. A toxicology report showed that Decedent had a fatal concentration of fentanyl in his

blood at the time of his death and the cause of death was fentanyl toxicity [*id.* at PageID#: 2-3].

Plaintiff asserts negligence claims against both Defendants and alleges that Defendants were negligent in prescribing a 50 mcg fentanyl patch when Decedent did not have the tolerance for the 50 mcg patch, and were further negligent in increasing the dose to 75 mcg when Decedent was experiencing shortness of breath and fatigue on the 50 mcg patch [*id.* at PageID#: 3-4]. Plaintiff also asserts a loss of consortium claim [*id.* at PageID#: 4-5].

Included in the complaint is a certification that Plaintiff has complied with the requirements of the TMMA by sending Defendants notice of the impending lawsuit at least 60 days before filing and attaching those documents and a Certificate of Good Faith to the complaint [Doc. 1 at PageID#: 5; Doc. 1-1; Doc. 1-2]. Plaintiff further notes in the complaint that she is invoking the Tennessee Savings Statute because she previously filed suit against these Defendants, along with the manufacturer of the fentanyl patch at issue, Watson Pharmaceuticals, Inc. and other Watson entities, in Civil Case No. 1:11-cv-109 ("the Watson case") and voluntarily dismissed them from that action on October 5, 2011 and October 13, 2011 [Doc. 1 at PageID#: 5-6].[1] This action was filed on November 14, 2011, and Defendant Rodgers filed her motion for summary judgment on December 27, 2011 [Doc. 6].

---

[1] Plaintiff originally filed suit in the Watson case only against the Watson Defendants and later filed an amended complaint adding Defendant Rodgers and Defendant Ball [Civil Case No. 1:11-cv-109, Doc. 38]. After dismissing these two Defendants from the Watson case and initiating the instant case against Defendants Rodgers and Ball, Plaintiff filed a motion to consolidate this case with the Watson case [Doc. 23]. The same day the motion was filed, the parties consented to the undersigned [Doc. 24]. Because the two cases were assigned to different judges and the Watson case was the earlier-filed of the two, Plaintiff was advised of the need to file an appropriate motion in the Watson case. Plaintiff never filed such a motion, and the Watson case was stayed pending Plaintiff's motion to transfer the Watson case to the Northern District of Illinois to join in a Multidistrict Litigation proceeding as to the Watson fentanyl patches [Civil Case No. 1:11-cv-109, Doc. 57]. Because Plaintiff failed to file a motion for consolidation in the Watson case and failed to file a supplemental brief on consolidation as ordered by the Court, the motion for consolidation was denied [Doc. 31].

2

## II.    STANDARD OF REVIEW

Summary judgment is mandatory where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that *matters*—i.e., a fact that, if found to be true, might "affect the outcome" of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The applicable substantive law provides the frame of reference to determine which facts are material. *Anderson*, 477 U.S. at 248. A "genuine" dispute exists with respect to a material fact when the evidence would enable a reasonable jury to find for the non-moving party. *Id.*; *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). In determining whether a dispute is "genuine," the court cannot weigh the evidence or determine the truth of any matter in dispute. *Id.* at 249. Instead, the court must view the facts and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports*, 253 F.3d at 907. A mere scintilla of evidence is not enough to survive a motion for summary judgment. *Anderson*, 477 U.S. at 252; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The moving party bears the initial burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. James*, No. 7:09-CV-98 (HL), 2011 WL 837179, at *1 (M.D. Ga. Feb. 2, 2011). The movant must support its assertion that a fact is not in dispute by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c). If the moving party carries this burden, the opposing party must show that there is a genuine dispute by either "citing to [other] particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." *Id.* In reply, the movant may then

attempt to show that the materials cited by the nonmovant "do not establish the . . . presence of a genuine dispute." *Id.* Either party may also attempt to challenge the admissibility of its opponent's evidence. *Id.*

The court is not required to consider materials other than those specifically cited by the parties, but may do so in its discretion. *Id.* If a party fails to support its assertion of fact or to respond to the other party's assertion of fact, the court may "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

## III.    ANALYSIS

Defendant Rodgers argues that Plaintiff's claims against her fail as a matter of law because Plaintiff failed to properly provide Defendant Rodgers with notice pursuant to the applicable section of the TMMA, Tennessee Code Annotated § 29-26-121 [Doc. 10 at PageID#: 80]. Rodgers asserts that noncompliance with the statute is only excused for extraordinary cause and, without a showing of extraordinary cause, noncompliance with the notice requirement results in dismissal [*id.* at PageID#: 82-83]. Rodgers claims that Plaintiff did not comply with the notice requirement because she did not personally serve Rodgers with notice, did not personally serve any individual at Rodgers' current practice location with notice, and did not mail a notice to any address located in the city identified on the Tennessee Department of Health website [*id.* at PageID#: 83-84]. Specifically, Rodgers notes that Plaintiff mailed notice to her former Tennessee employer on March 24, 2011, but she did not receive personal service because she was no longer employed in Tennessee and had instead moved to San Antonio, Texas [*id.* at PageID#: 84]. Rodgers contends that no other notices

4

were mailed to her attention and she never received notice of Plaintiff's intent to file a medical malpractice action against her [*id.*]. Instead, Rodgers only learned of this case when she was served with the Complaint on December 5, 2011 [*id.*]. Rodgers argues there is no extraordinary cause for Plaintiff's noncompliance with the notice requirement because Plaintiff was never served with notice of either case in which she was named as a Defendant and Plaintiff could have called Rodgers' former employer or consulted the Department of Health website to verify Rodgers' location before sending notice [*id.* at PageID#: 85]. Rodgers' affidavit in support of her motion states that she moved to San Antonio, Texas on December 27, 2010, never received notice of the Watson case until she was served with the amended complaint on October 6, 2011, and never received notice of the instant case until she was served with the complaint on December 5, 2011 [Doc. 9 at PageID#: 73-74].

Plaintiff makes three arguments in response, first asserting that Defendant Rodgers had actual notice of the claim more than 60 days before this case was filed and the pre-suit notice requirement has therefore been satisfied, in reliance on this Court's decision in *Jenkins v. Marvel*, 683 F. Supp. 2d 626 (E.D. Tenn. 2010) [Doc. 18 at PageID#: 128]. Plaintiff alleges Rodgers had actual notice of the claims as of August 4, 2011, when Plaintiff sent her a courtesy copy of the amended complaint in the Watson case [*id.* at PageID#: 130]. Second, Plaintiff argues she complied with the notice requirement because Defendant Rodgers failed to maintain a business address with the Tennessee Department of Health website, and the only address available for notice was the address where Defendant Rodgers had treated Decedent [*id.* at PageID#: 128]. Plaintiff asserts that Defendant Rodgers only has the city, state and zip code currently listed on the website, and the zip code is actually incorrect [*id.* at PageID#: 131-32]. Plaintiff further argues that the statute is silent

as to where notice should be mailed when the provider does not maintain an address on the website and submits that under those circumstances, notice is properly sent to the location where the provider last provided a medical service to the patient [*id.* at PageID#: 134-35]. Finally, Plaintiff argues that even if the Court finds she has not complied with the notice requirement, the Court should excuse noncompliance on the basis of extraordinary cause because of the unique circumstances present in this case [*id.* at PageID#: 136].

The applicable TMMA statute provides in relevant part as follows:[2]

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.
>
> . . .
>
> (3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitation and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint:
>
> . . .
>
>> (B) Mailing of the notice:
>>
>>> (I) To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health; provided, that, if the mailings are returned

---

[2] Subsection (a)(3)(A) does not apply in this case because it requires personal service established by an affidavit and Plaintiff has provided no such proof of personal service. Likewise, subsection (a)(3)(B)(ii) does not apply because it pertains to health care providers that are corporations or other business entities.

6

undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient. . .

(4) Compliance with the provisions of subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit. It is not necessary that the addressee of the notice sign or return the return receipt card that accompanies a letter sent by certified mail for service to be effective.

(b) If a complaint is filed in any court alleging a claim for medical malpractice, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Tenn. Code Ann. § 29-26-121.

The time line of events relevant to notice provided to Defendant Rodgers is as follows:

| | |
|---|---|
| March 25, 2010: | Decedent Donald Guthrie died |
| December 27, 2010: | Defendant Rodgers moved to Texas |
| March 24, 2011: | Plaintiff attempted to mail notice to Rodgers' old employer in Tennessee (where she treated Decedent), Consultants in Pain Management |
| April 25, 2011: | Plaintiff filed the Watson case |
| July 6, 2011: | Plaintiff filed first amended complaint adding Defendants Rodgers and Ball to the Watson case |
| August 4, 2011: | Defendant Rodgers allegedly had actual notice of the claims asserted against her[3] |

---

[3] Defendant has filed an affidavit contesting that Rodgers had actual notice of the claims as of this date, as she was not sent the complaint at that time [Doc. 20].

7

| October 6, 2011: | Defendant Rodgers was served in Texas with the amended complaint in the Watson case |
| October 13, 2011: | Plaintiff voluntarily dismissed Defendant Rodgers from the Watson case |
| November 14, 2011: | Plaintiff filed this case |
| December 5, 2011: | Defendant Rodgers was served with the complaint in this case |

Notice was only sent, therefore, on March 24, 2011 (in preparation for the filing of the amended complaint in the Watson case), pursuant to the provision that requires notice before the statute of limitations expires as to the provider. *See* Tenn. Code Ann. §§ 29-26-121(a)(3); 29-26-116(a)(1).[4] Because an individual at Consultants at Pain Management signed for the notice, the notice was not returned to Plaintiff as undelivered.

Plaintiff's first argument, relying on *Jenkins*, is without merit. The situation in this case is not analogous to the situation in *Jenkins*, in which the first lawsuit had been filed *prior* to the enactment of the notice requirement, i.e., at a time when notice was *not* required, nonsuited, and the second lawsuit was refiled within a year and only days after the enactment of the new requirements. The unique situation in *Jenkins* is simply not duplicated here, where the first and second lawsuits were both filed well after the TMMA amendments went into effect. As the Tennessee Court of Appeals observed in *Myers v. AMISUB (SFH), Inc.*, No. W2010-00837-COA-R9CV, 2011 WL 664753 (Tenn. Ct. App. Feb. 24, 2011), *Jenkins* is distinguishable from a case where the voluntary

---

[4] Defendant argues Plaintiff had knowledge that Defendant Rodgers was not employed by Consultants in Pain Management as of August 9, 2011 and could have sent notice to her in Texas at any time after that date [Doc. 21 at PageID#: 174]. As noted here, however, the statute of limitations--and the available time frame within which to send notice–apparently expired as of March 25, 2011, one year after Decedent's death. Although the applicable statute also provides that "[i]n the event the alleged injury is not discovered within such one (1) year period, the period of limitation shall be one (1) year from the date of such discovery," Plaintiff does not appear to be asserting that the statute of limitations began to run from any date other than Decedent's death on March 25, 2010.

dismissal in the original lawsuit came *after* the enactment of the amendments, and noncompliance with the notice requirement in that circumstance would not be excused. *Id.* at *8-9. The fact that Defendant Rodgers may have had actual notice of the claims as early as August 4, 2011 does not mean any noncompliance with the notice requirements on Plaintiff's part is irrelevant, as the statutory requirements are clear, were in effect for years before Plaintiff filed the Watson case, and cannot be excused by reliance on *Jenkins*.

Turning to Plaintiff's other arguments, the statute requires notice to be sent to the address on the Department of Health website *as well as* the current business address, if different. Although there is no Tennessee case law specifically addressing the issue here, where it appears Defendant Rodgers may not have always maintained a complete address on the Tennessee Department of Health website, Tennessee courts have taken a hard line with the TMMA notice requirement, finding, for example, no cause to excuse noncompliance with the notice requirement when the complaint was filed 53 days after notice was provided instead of 60 days. *See DePue v. Schroeder*, No. E2010-00504-COA-R9-CV, 2011 WL 538865 (Tenn. Ct. App. Feb. 15, 2011). In this case, Defendant Rodgers has raised an issue with respect to Plaintiff's compliance with the statute and Plaintiff bears the burden of establishing that she did indeed comply with the statute.[5] It is undisputed that Plaintiff sent notice only to the address for Consultants in Pain Management, where Defendant Rodgers treated the Decedent, and did not send notice to Defendant Rodgers at any other address.

---

[5] Tenn. Code Ann. § 29-26-121(b) states that "[i]f a complaint is filed in any court alleging a claim for medical malpractice, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met."

9

Defendant claims "[t]he address listed on the Rodgers Notice is neither the 'address listed for [Rodgers] on the Tennessee department of health web site' nor '[Rodgers'] current business address'" [Doc. 8 at PageID#: 71]. Plaintiff asserts she sent notice to the only address available for Defendant Rodgers [Doc. 18 at PageID#: 129] and the affidavit Plaintiff submits in support of her response states the address on the notice, where Defendant Rodgers treated Decedent, "was the only available address for Defendant because Defendant did not (and still does not) maintain an address on the website of the Tennessee Board of Medical Examiners" [Doc. 18-1 at PageID#: 139]. This information focuses on what the Department of Health website says *now*, and what Defendant Rodgers' addresses are *now*, but Plaintiff has not affirmatively established that she reviewed the Department of Health website in March 2011 prior to sending notice, or that she conducted any other investigation in March 2011 to determine Defendant Rodgers' current business address prior to sending notice to Consultants in Pain Management.

Indeed, neither party has provided the Court with information regarding what address, if any, was on the Department of Health website as of March 24, 2011, and it may not be possible to obtain that information at this time. The Court only knows for certain that Plaintiff mailed notice to Consultants in Pain Management, which was not Defendant Rodgers' current business address as of March 24, 2011. Plaintiff has not created any genuine issue of material fact with respect to the notice requirement because she has not stated affirmatively that she reviewed the Department of Health website in March 2011 and sent notice to the address listed on the website or, alternatively, that only Chattanooga, Tennessee was listed on the website and Plaintiff assumed Defendant Rodgers' business address was Consultants in Pain Management. Plaintiff also does not affirmatively verify that she performed any investigation to determine Defendant Rodgers' location

10

or current business address, in the event that a different city and state were listed on the website. Instead, Plaintiff equivocally and vaguely states that the address for Consultants in Pain Management was the only address "available" for Defendant Rodgers at the time. As such, Plaintiff has not met her burden of establishing compliance with the statute and has not met her burden of establishing an issue of material fact to preclude summary judgment.

Although the notice requirement statute itself is silent as to the effect of noncompliance, Tennessee courts have stated that "the legislature intended for compliance to be mandatory" and, therefore, "failure to comply with the notice requirements . . . will result in dismissal." *DePue*, 2011 WL 538865, at *8. The Court can only excuse noncompliance with the notice requirements for extraordinary cause. *See* Tenn. Code Ann. § 29-26-121(b). Plaintiff argues the unique circumstances of the case are sufficient to establish extraordinary cause, but there is nothing particularly extraordinary about the circumstances presented here, as review of the website and a simple investigation could have provided Plaintiff with the proper address or addresses for notice. Plaintiff's apparent failure to take this action does not excuse noncompliance, as the *DePue* court held that simple attorney oversight does not constitute extraordinary cause. *DePue*, 2011 WL 538865, at *8.

As such, the Court concludes that Plaintiff has not established compliance with the applicable notice requirement statute and has not established an issue of material fact with respect to compliance. The Court further concludes that Plaintiff's noncompliance with the statute is not excusable because there is no extraordinary cause under the circumstances present in this case. Accordingly, Defendant Rodgers' motion for summary judgment will be **GRANTED**.

11

IV.     **CONCLUSION**

For the reasons outlined above, Defendant Rodgers' motion for summary judgment [Doc.

6] is **GRANTED** and the claims against Defendant Rodgers are **DISMISSED WITHOUT**

**PREJUDICE**.  The case will proceed as to the claims against Defendant Ball.

SO ORDERED.

ENTER:

s/  *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

-