UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:11-cv-333 |
| v. ) ) | *LEE* |
| GREGORY BALL, M.D., *et al.*, ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is a motion to reconsider and rescind order [Doc. 38] filed by Plaintiff Karen Guthrie ("Plaintiff"). Plaintiff seeks reversal of the Court's memorandum and order [Doc. 37], which granted Defendant Melissa Rodgers' ("Rodgers") motion for summary judgment and dismissed her from the case without prejudice. For the reasons explained below, Plaintiff's motion to reconsider will be **DENIED.**

## I.   FACTS AND PROCEDURAL BACKGROUND

As set forth in more detail in the Court's prior order granting summary judgment, Plaintiff's complaint [Doc. 1] alleges the following: Plaintiff is the surviving spouse of Donald Guthrie ("Decedent"), who was a patient of Rodgers and Defendant Gregory Ball, M.D. ("Defendant Ball"). Decedent was given a prescription for a 75 mcg Watson fentanyl patch while under the care of Rodgers and Defendant Ball. Decedent was wearing the patch at the time of his death on March 25, 2010. A toxicology report showed that Decedent had a fatal concentration of fentanyl in his blood

at the time of his death and the cause of death was fentanyl toxicity.

Plaintiff's complaint asserts negligence claims against both Rodgers and Defendant Ball and alleges they were negligent in prescribing a 50 mcg fentanyl patch when Decedent did not have the tolerance for the 50 mcg patch, and were further negligent in increasing the dose to 75 mcg when Decedent was experiencing shortness of breath and fatigue on the 50 mcg patch. Plaintiff also asserts a loss of consortium claim.

Included in the complaint is a certification that Plaintiff has complied with the requirements of the Tennessee Medical Malpractice Act ("TMMA") by sending Defendants notice of the impending lawsuit at least 60 days before filing the complaint [Doc. 1 at PageID#: 5; Doc. 1-1; Doc. 1-2]. Plaintiff further notes in the complaint that she is invoking the Tennessee Savings Statute because she previously filed suit against these Defendants, along with the manufacturer of the fentanyl patch at issue, Watson Pharmaceuticals, Inc. and other Watson entities, in Civil Case No. 1:11-cv-109 ("the Watson case"), and voluntarily dismissed these Defendants from that action on October 5, 2011 [Doc. 1 at PageID#: 5-6].[1]

This action was filed on November 14, 2011 and Rodgers filed a motion for summary judgment on December 27, 2011 [Doc. 6]. On July 5, 2012, the Court granted Rodgers' motion for summary judgment and dismissed her from the case upon finding Plaintiff failed to comply with the notice requirement of the TMMA with respect to Rodgers as a matter of law [Doc. 37].

---

[1] Plaintiff originally filed suit in the Watson case only against the Watson Defendants and later filed an amended complaint adding Rodgers and Defendant Ball [Civil Case No. 1:11-cv-109, Doc. 38].

## II. STANDARD OF REVIEW

Plaintiff characterizes the standard of review as stemming from Federal Rule of Civil Procedure 54(b), which states in relevant part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The United States Court of Appeals for the Sixth Circuit has noted that "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citations omitted). The *Rodriguez* court further noted that courts would have justification to reconsider interlocutory orders "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citations omitted).

## III. ANALYSIS

Plaintiff first argues the evidence submitted to the Court in its consideration of Rodgers' motion for summary judgment clearly created a fact issue because the Declaration of James Orr ("Orr Declaration") unambiguously stated Rodgers did not maintain an address on the applicable website at the time Plaintiff sent the required pre-suit notice [Doc. 38 at PageID#: 231-32]. Plaintiff asserts that even if the evidence was ambiguous, the Court should have inferred as much [*id.* at PageID#: 232]. Next, Plaintiff argues the Court should consider new evidence from a former paralegal, the Declaration of Katherine Calvert, and a print-out of the statute Ms. Calvert referenced at the time she attempted to give notice [Docs. 38-1, 38-2]. Ms. Calvert declares she reviewed the

3

pertinent website and sent the notice referenced in the Orr Declaration [*id.* at PageID#: 233-34]. Plaintiff contends that the unusual circumstances of this case, the undeveloped state of the law, Plaintiff's efforts to comply with the notice requirements, and Rodgers' failure to maintain an address on the applicable website warrant the Court's reconsideration of her dismissal, as there would be a manifest injustice otherwise [*id.* at PageID#: 234-35].

Rodgers argues in response that Plaintiff's "new evidence" merely demonstrates that Plaintiff's counsel relied on an assumption about Rodgers' location in providing notice which was still not compliant with the TMMA [Doc. 39 at PageID#: 246-47]. Rodgers points out that the TMMA excuses compliance only for "extraordinary cause," a high burden Plaintiff has not met with mere attorney oversight [*id.* at PageID#: 247-48]. Rodgers claims Plaintiff's attempts to serve notice were deficient even with the new evidence because Plaintiff failed to make any investigation after not finding an address on the website, did not serve Rodgers with notice after learning she was in Texas, and did not serve notice prior to filing the second lawsuit [*id.* at PageID#: 248].[2] Rodgers argues Plaintiff acted based on an assumption and ignored the mandatory notice requirements of the TMMA, but this does not constitute extraordinary circumstances [*id.*].

The relevant timeline of events in this case, slightly expanded from the timeline included in the Court's prior Order, follows:

> **March 25, 2010**: Decedent Donald Guthrie died.
>
> **December 27, 2010**: Rodgers moved to Texas.
>
> **March 24, 2011**: Plaintiff mailed notice to Rodgers' old employer in

---

[2] As the Court noted in its prior Order, Plaintiff mailed notice on the last date available for sending notice based on the statute of limitations, so Rodgers' arguments about possible later dates Plaintiff could have sent notice are dubious [Doc. 37 at PageID#: 225].

4

Tennessee (where she treated Decedent), Consultants in Pain Management.

**April 25, 2011**: Plaintiff filed the Watson case.

**July 6, 2011**: Plaintiff filed a first amended complaint adding Rodgers and Ball to the Watson case.

**August 4, 2011**: Rodgers allegedly had actual notice of the claims asserted against her. Plaintiff makes this statement based on a letter from Defendants' counsel to Plaintiff's counsel [Doc. 18-5]. The letter states that Plaintiff had sent a courtesy copy of the Complaint to Rodgers and Ball but had not served them with the summonses; it also says that Rodgers has not been employed by Consultants in Pain Management since December 2010.

**August 9, 2011**: Plaintiff's counsel learned from the process server (who tried to serve Rodgers at Consultants in Pain Management) that Rodgers no longer worked there and may be working in Dallas, Texas.

**October 6, 2011**: Rodgers was served in Texas with the amended complaint in the Watson case.

**October 13, 2011**: Plaintiff voluntarily dismissed Rodgers from the Watson case.

**November 14, 2011**: Plaintiff filed this case.

**December 5, 2011**: Rodgers was served with the complaint in this case.

In its prior Order, the Court noted in relevant part as follows:

Plaintiff asserts she sent notice to the only address available for Defendant Rodgers [Doc. 18 at PageID#: 129] and the affidavit Plaintiff submits in support of her response states the address on the notice, where Defendant Rodgers treated Decedent, "was the only available address for Defendant because Defendant did not (and still does not) maintain an address on the website of the Tennessee Board of Medical Examiners" [Doc. 18-1 at PageID#: 139]. This information focuses on what the Department of Health website says *now*, and what Defendant Rodgers' addresses are *now*, but Plaintiff has not affirmatively established that she reviewed the Department of

5

> Health website in March 2011 prior to sending notice, or that she conducted any other investigation in March 2011 to determine Defendant Rodgers' current business address prior to sending notice to Consultants in Pain Management.
>
> Indeed, neither party has provided the Court with information regarding what address, if any, was on the Department of Health website as of March 24, 2011, and it may not be possible to obtain that information at this time. The Court only knows for certain that Plaintiff mailed notice to Consultants in Pain Management, which was not Defendant Rodgers' current business address as of March 24, 2011. Plaintiff has not created any genuine issue of material fact with respect to the notice requirement because she has not stated affirmatively that she reviewed the Department of Health website in March 2011 and sent notice to the address listed on the website or, alternatively, that only Chattanooga, Tennessee was listed on the website and Plaintiff assumed Defendant Rodgers' business address was Consultants in Pain Management. Plaintiff also does not affirmatively verify that she performed any investigation to determine Defendant Rodgers' location or current business address, in the event that a different city and state were listed on the website. Instead, Plaintiff equivocally and vaguely states that the address for Consultants in Pain Management was the only address "available" for Defendant Rodgers at the time. As such, Plaintiff has not met her burden of establishing compliance with the statute and has not met her burden of establishing an issue of material fact to preclude summary judgment.

[Doc. 37 at PageID#: 227-28].

Although Plaintiff argues the Orr Declaration was not ambiguous, the information in the Declaration leaves a great deal of doubt regarding the steps taken prior to sending Rodgers notice. Moreover, although Plaintiff claims the Court required a level of specificity not required by the TMMA, to determine compliance with the statute under the circumstances of this case the Court must know: (1) whether the Tennessee Department of Health website was reviewed to obtain an address for Rodgers; (2) what address existed on the website; and (3) whether the address on the website was different from Rodgers' current business address. It is unclear how the Court could

6

gauge compliance with the strictures of the notice requirement in the TMMA without this knowledge, and none of this information was specifically provided by Plaintiff in the briefing on the motion for summary judgment.

The "new evidence" in Ms. Calvert's Declaration arguably satisfies the first two inquiries. Ms. Calvert states that "I consulted the website of the Tennessee Board of Medical Examiners to confirm the address for Defendant Rodgers. I know that I consulted the website because (1) Mr. Orr instructed me to do so and I always followed his instructions; and (2) it was my practice to check the website of the relevant state's medical board before sending out a pre-suit medical malpractice notice" [Doc. 38-1 at PageID#: 239]. The Court will accept this as an affirmative response to its first necessary inquiry and will find the Tennessee Department of Health website was reviewed to obtain an address for Rodgers for purposes of addressing the motion.

Addressing the second inquiry, Ms. Calvert's Declaration states as follows:

> 5. When I checked the website of the Tennessee Board of Medical Examiners, I do not recall seeing any address listed for Defendant Rodgers, and there certainly was nothing to indicate that Defendant Rodgers was no longer working at Pain Management, 1751 Gunbarrell Road, Ste. G10, Chattanooga, TN 37421, the address listed in the medical records that I had obtained to date. If there had been any such indication, I would have investigated further and made notes in the file. I conducted no such investigation and made no such notes.
>
> 6. It is my understanding that the website of the Tennessee Board of Medical Examiners currently lists that Defendant Rodgers is located in "San Antonio, TX 78248," with no address listed. This information was not listed on the website in March 2011 when I reviewed the website because if the information had been listed, I would have investigated further and made notes in the file. I conducted no such investigation and made no such notes.

[Doc. 38-1 at PageID#: 239]. Ms. Calvert concludes by stating she sent notice to the only address she had from medical records, which she believed to be Rodgers' current business address [*id.* at PageID#: 239-40]. Based on this "new" information and for purposes of the motion, the Court will accept that Plaintiff consulted the website and that there was no address for Rodgers on the Department of Health website.

The applicable part of the TMMA states that notice must be mailed "[t]o an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health." Tenn. Code Ann. § 29-26-121. Now that Plaintiff has more explicitly submitted that Rodgers did not maintain an address on the Department of Health website, it would seem an accurate reading of the statute would mean that Plaintiff could comply with the notice requirement by sending notice to Rodgers' current business address.

By introducing Ms. Calvert's Declaration, Plaintiff has confirmed no investigation into Rodgers' current business address was conducted. Instead, Plaintiff relied on an assumption that the medical records indicating treatment by Rodgers at Consultants in Pain Management established Rodgers' current business address as of March 24, 2011. Medical records documenting treatment of the Decedent would have been one year old by this time, as the Complaint alleges the Decedent died on March 25, 2010 [Doc. 1 at PageID#: 2]. It is difficult to perceive how year-old medical records coupled with, at most, a city and state listed on the website, could have accurately provided a "current" business address for the required notice to Rodgers and, indeed, they did not.

Thus, Ms. Calvert's Declaration does not provide any new evidence which would create a genuine issue that Plaintiff complied with the TMMA. Instead, her Declaration essentially confirms

8

that Plaintiff did not properly serve notice to Rodgers pursuant to the TMMA because the statute, by its plain reading, requires notice be sent to a current business address. Because the Tennessee Department of Health website had no address listed for Rodgers, Plaintiff would have needed to send notice to Rodgers' current business address; yet, Plaintiff conducted no investigation to determine Rodgers' current business address and sent notice to an address which was not, in fact, Rodgers' current business address. Thus, there is no genuine issue of material fact which exists as to Plaintiff's compliance with the notice requirements; she did not comply.

Plaintiff has made much of the "unusual circumstances" at issue in this case, where the health care provider did not maintain an address with the Tennessee Department of Health website. While that may be unusual, the statute permits an alternative route for notice and one that, indeed, should be relatively simple--the provider's current business address.[3] As the Court noted in its prior Order, Tennessee courts have taken a very hard line with the notice requirement in the TMMA, and the circumstances presented here do not establish "extraordinary cause" for which the Court would excuse compliance. There is no "manifest injustice" that results under the circumstances of this case and reversal or modification of the Court's prior decision dismissing Rodgers is not warranted.[4]

---

[3] It is perhaps unfortunate that the notice addressed to Rodgers at Consultants in Pain Management was not returned undelivered when she no longer worked there, but this does not excuse Plaintiff's oversight in choosing to assume the address from Decedent's medical records was Rodgers' current business address in lieu of taking steps to determine the address was still current.

[4] As a final note, at the end of her response to Plaintiff's motion, Rodgers requests entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) [Doc. 39 at PageID#: 249]. The Court declines to take such action at this time.

## IV. CONCLUSION

For the reasons outlined above, Plaintiff's motion to reconsider and rescind order [Doc. 38] is **DENIED**.

SO ORDERED.

ENTER:

                                                s/ *Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE