UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| GREGORY BALL, M.D., | ) ) |
| Defendant. | ) |

Case No. 1:11-cv-333-SKL

**O R D E R**

Before the Court is "Plaintiff's Motion in Limine No. 3 to Exclude Evidence that Donald Guthrie Ever Took Recreational Drugs During His Lifetime" filed by Plaintiff Karen Guthrie, individually and on behalf of the Estate of Donald Guthrie ("Plaintiff"), to prohibit Defendant Gregory Ball, M.D. ("Defendant") from introducing any evidence or argument that Mr. Guthrie ever took recreational drugs during his lifetime, including illegal drugs [Doc. 88]. Plaintiff has also submitted an affidavit with exhibits in support of her motion [Doc. 89]. In the motion, Plaintiff argues all evidence of Mr. Guthrie's prior use of drugs that were not obtained by prescription should be excluded because it is irrelevant to the cause of his death, it constitutes inadmissible character evidence, and its probative value is exceeded by its prejudicial effect on the jury. Plaintiff seeks an order precluding Defendant from discussing or offering evidence related to any alleged use of non-prescription medications, including illegal drugs, by Mr. Guthrie at any time prior to his death. Defendant failed to file a timely response to the motion.

Plaintiff argues that any evidence of recreational or illegal drug usage is irrelevant because any such usage stopped more than nine years prior to Mr. Guthrie's death. Plaintiff also contends that during the time Mr. Guthrie was a patient of the Defendant he was screened for illegal drug

usage and no such drugs were ever detected. In addition, no illegal drugs were reported in the autopsy. Plaintiff states there is no evidence of recreational drug usage at or near the time of death and none of the experts have opined that recreational drugs caused or contributed to Mr. Guthrie's death. Plaintiff argues any evidence concerning the alleged past use of non-prescribed drugs is improper character evidence under Federal Rule of Evidence 404(b) and more prejudicial than probative under Federal Rule of Evidence 403.

"Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence of a person's character or a trait of character is not admissible to prove that on a particular occasion the person acted in accordance with the character trait." Fed. R. Evid. 404(a)(1).

Evidence of a history of drug use is not admissible to show that Mr. Guthrie has the character of a drug user, *see Landis v. Galarneau*, 2010 WL 458143 (E.D. Mich. Feb. 3, 2010) (court in wrongful death action held that decedent's purported history of drug use was not admissible to show decedent had the "character" of a drug user, but potentially could be admissible to show he was intoxicated when he died), but such drug history evidence potentially could be relevant and admissible for other purposes. The Court will not reach this issue, however, because Defendant has failed to file any response in opposition to Plaintiff's motion within the time permitted under the scheduling order.

Plaintiff's motion was filed on September 24, 2014. The scheduling order, as amended, states that "[a]ny response to a motion in limine will be due within **five (5) days** [Doc. 54 at Page ID # 333]. The scheduling order does not provide three days for service as usually permitted by

2

Rule 6(d) of the Federal Rules of Civil Procedure.  However, even assuming that three days for service was allowed here, the deadline for Defendant to file a response to this motion (as well as for many of Plaintiff's other motions in limine) would be October 2, 2014.  Defendant failed to file any response to Plaintiff's motion by this deadline, and this failure to respond to the motion is deemed a waiver of any opposition to the relief sought under the Local Rules.  E.D. Tenn. L.R. 7.2.

Accordingly, Plaintiff's "Motion in Limine No. 3 to Exclude Evidence that Donald Guthrie Ever Took Recreational Drugs During His Lifetime" [Doc. 88] is **GRANTED** without objection.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

3