UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY BALL, M.D., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:11-cv-333-SKL <br> ) <br> ) <br> ) <br> ) <br> ) |

# **O R D E R**

This order will address "Motion in Limine #2" filed by Defendant Gregory Ball, M.D. ("Defendant") to prohibit Plaintiff Karen Guthrie, individually and on behalf of the Estate of Donald Guthrie ("Plaintiff") from introducing any evidence of the net worth of either Plaintiff or Defendant at the liability phase of the trial pursuant to Tennessee substantive law, and Federal Rules of Evidence 401 and 403 [Doc. 106]. Plaintiff filed a response to Defendant's motion in which she agreed not to reference Defendant's net worth during the liability and compensatory damages phase of the trial, but noted evidence and argument concerning Defendant's net worth are permissible during any punitive damages phase of the trial [Doc. 148]. No reply was filed. Accordingly, the aspect of the motion in limine to exclude evidence of the net worth of Defendant at the liability phase of the trial is **GRANTED**.

The aspect of the motion seeking to exclude all evidence of Plaintiff's net worth is conclusory and provides no support other than a general citation to Rules 401 and 403 of the Federal

Rules of Evidence. Under the applicable rules, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Donathan v. Orthopaedic & Sports Med. Clinic, PLLC*, No. 4:07-cv-18, 2009 WL 3584263, at *2 (E.D. Tenn. Oct. 26, 2009) (quoting *Deters v. Equifax Credit Info. Serv.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (citing 1 J. Weinstein & M. Burger, Weinstein's Evidence § 403[3], 403–25 to 403–26 (1982))) (internal quotation marks omitted). In weighing the probative value of evidence, a court must consider the evidence "against the background of all the evidence in the case." *Id*. (citing 22 Charles Alan Wright, Kenneth W. Graham, Jr., Federal Practice & Procedure: Evidence § 5214 (1978)). The evidence rules discourage only unfair prejudice, which is evidence that has "an undue tendency to suggest decision on an improper basis, commonly but not necessarily an emotional one." Id. (citing *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006)).

Plaintiff has responded with two examples of how certain evidence of Plaintiff's financial circumstances (which is obviously not the same thing as net worth) may be relevant at it relates to the claim of damages: funeral expenses paid and loss of disability payments made to Mr. Guthrie. Plaintiff has also agreed that she will not attempt to argue comparative net worth at any punitive damage phase of the case, and the Court will hold her to that representation. The examples given by Plaintiff in her response regard information about financial loss that may be relevant and the examples do not appear to be unduly prejudicial. At this point, the Court does not perceive that the parties have any actual dispute about the proper use of such financial information. Thus, any

remaining aspects of the motion as it relates to admissibility of any evidence of Defendant's "net worth" will be reserved until an evidentiary objection, if any, is made at trial.

SO ORDERED.

ENTER:

/s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

3