UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KAREN GUTHRIE, *individually and on behalf of the Estate of Donald Guthrie*, )
)
)
Plaintiff, )
)
v. ) No. 1:11-cv-333-SKL
)
GREGORY BALL, M.D., )
)
Defendant. )

# ORDER

Before the Court are Plaintiff's "Motion in Limine No. 12 to Exclude Unnecessarily Cumulative Expert Testimony" [Doc. 97], Plaintiff's "Motion in Limine No. 13 to Exclude Defense Expert Kris Sperry, M.D." [Doc. 114], and Defendant's "Motion in Limine #26 to Exclude Plaintiff's Use of Deposition of Ben Johnson, M.D. at Trial" [Doc. 140]. Defendant has filed a response in opposition to Plaintiff's Motion in Limine No. 12 [Doc. 178] and a response in opposition to Plaintiff's Motion in Limine No. 13 [Doc. 169]. Plaintiff has filed a response in opposition to Defendant's Motion in Limine #26 [Doc. 155]. Plaintiff filed a reply to the motion to exclude Dr. Kris Sperry [Doc. 190].

**I.     Plaintiff's "Motion in Limine No. 12 to Exclude Unnecessarily Cumulative Expert Testimony" [Doc. 97]**

In this motion [Doc. 97] and supporting affidavit with exhibits [Doc. 98], Plaintiff seeks to exclude unnecessarily cumulative expert testimony from Defendant's six expert witnesses on the issues of standard of care and cause of death, because Plaintiff contends that Defendant's standard of care experts all offer identical opinions regarding breach and causation and

Defendant's cause of death experts offer identical opinions that Mr. Guthrie died from a heart attack, not fentanyl intoxication.

Defendant has filed a response in opposition [Doc. 178] well past the deadline to respond under the Court's scheduling order. Nevertheless, the Court has reviewed Defendant's response, which fails to provide any concrete differences between the experts' testimony, and thus fails to demonstrate that the experts' testimony is non-cumulative. The different perspectives and experiences of the experts do not justify cumulative testimony. The Local Rules make it clear that "[e]xcept by leave of the Court, not more than 3 witnesses shall be called . . . to give expert or value testimony as to any matter." Because Defendant has not demonstrated a valid reason for more than three experts to testify in his defense, the Court will enforce the expert limit under the Local Rules for both parties.

Defendant requests, alternatively in his response, that if the Court excludes certain experts from testifying at trial, that those experts' depositions be excluded from use for any purpose. The Court agrees that the depositions of any experts who are not designated or cross-designated in accordance with the Local Rule limitation shall not be used for any purpose at trial.

**II.  Plaintiff's "Motion in Limine No. 13 to Exclude Defense Expert Kris Sperry, M.D." [Doc. 114]**

In this motion [Doc. 114] and supporting affidavit with exhibits [Doc. 115], Plaintiff seeks to exclude Kris Sperry, M.D. ("Dr. Sperry") from testifying at trial because Defendant failed to produce Dr. Sperry for deposition as required by Rule 26(b)(4)(A). Plaintiff also argues that the exclusion of Dr. Sperry's testimony will not prejudice Defendant because Dr. Sperry's testimony is cumulative under Rule 403 to that of Defendant's other experts. Defendant has filed a response in opposition [Doc. 169], in which Defendant argues that he made every effort to

2

produce Dr. Sperry for a deposition, and therefore Dr. Sperry should not be excluded from testifying at trial.

A party may depose any person designated as an expert whose opinions may be presented at trial. Fed. R. Civ. P. 26(b)(4)(A). Where a party has failed to produce such a witness for deposition, the Court may bar the testimony of that witness at trial. *See Scozzari v. City of Clare*, No. 08-10997-BC, 2012 WL 1988129, at *1 (E.D. Mich. June 4, 2012) (citations and internal quotation marks omitted) (Where a witness "refuses to submit to a deposition or to produce the materials he reviewed prior to testifying," the "court can surely bar the testimony of [that] witness."). If Dr. Sperry is designated as one of Defendant's three expert witnesses for trial, Dr. Sperry must be made available for a deposition prior to trial. Counsel may appear by phone or in person for said deposition.

In so ruling, the Court notes it has read the many arguments and exhibits addressing why Dr. Sperry's deposition was not taken. It is not necessary to repeat the various versions of events leading to the parties' current predicament. The Court previously noted [Doc. 70], and again notes that it expects the parties, and more specifically the attorneys, to work out whatever scheduling difficulties exist without Court intervention and to complete the remaining expert depositions as ordered herein. Further failure to do so may result in sanctions.

**III.    Defendant's "Motion in Limine #26 to Exclude Plaintiff's Use of Deposition of Ben Johnson, M.D. at Trial" [Doc. 140]**

In this motion with exhibits [Doc. 140], Defendant seeks to exclude Plaintiff from using the deposition testimony of Ben Johnson, M.D. ("Dr. Johnson") during trial under Federal Rule of Civil Procedure 32(a)(6) because Plaintiff did not reconvene Dr. Johnson's deposition to allow Defendant to ask his remaining questions of Dr. Johnson. Plaintiff has timely filed a response in

3

opposition to Defendant's motion [Doc. 155], in which Plaintiff argues that Dr. Johnson's deposition testimony should not be excluded at trial.

On January 6, 2014, Plaintiff designated her experts, including a cross-designation of any expert to be designated by Defendant. No objection was filed to this cross-designation to the Court's knowledge. On March 14, 2014, Defendant identified Dr. Johnson as one of his experts on the standard of care in this matter. Dr. Johnson's deposition was taken in part on June 20, 2014. On the day of the deposition, Dr. Johnson advised the parties that he had to be on call at the hospital and would need to leave the deposition at 4:00 p.m., which was a few hours shy of the seven-hour limit for his deposition. At 4:00 p.m., counsel discussed the matter and agreed to temporarily suspend Dr. Johnson's deposition and reconvene at a time agreeable to both parties because Plaintiff had about ten more minutes of questions for Dr. Johnson, and Defendant advised that he also had questions remaining for Dr. Johnson. Plaintiff's counsel has declared that he informed Defendant's counsel within minutes of stopping the deposition that Plaintiff intended to use the deposition in her case-in-chief. Thereafter, on July 14, 2014, both Defendant and Plaintiff filed a final witness list, in which they indicated that they each expected to call Dr. Johnson as a witness in the case. While Defendant has filed a notice that he does not intend to call another of his retained experts, he has not asserted that he will not call Dr. Johnson at trial.

Due to a number of circumstances, and perhaps a significant amount of lawyer gamesmanship, the deposition was never reconvened. In the end, Plaintiff decided not to ask her additional ten minutes of questions. Defendant did not bring to the Court's attention, at any time prior to the close of the extended discovery period, that court intervention might be necessary to get the deposition completed. The parties filed a joint motion to obtain additional time to complete expert depositions in which they both represented to the Court that Dr. Johnson's

4

deposition was taken. In the joint motion, neither party informed the Court that Dr. Johnson's deposition had not been completed at that time.

Pursuant to Rule 32(a), a deposition may be used at trial, "as permitted by the Federal Rules of Evidence." Defendant's motion argues Plaintiff should not be permitted to use Dr. Johnson's deposition at trial under Rule 32(a)(6), because it was not completed and Defendant has not been able to ask his questions of his expert yet. Rule 32(a)(6) provides that "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." Fed. R. Civ. P. 32(a)(6).

The use of a deposition of a person other than an adverse party for substantive evidence, rather than merely for impeachment, is governed by Rule 32(a), which provides that a deposition of an unavailable witness may be used at trial against a party who was present or represented at the taking of the deposition and had reasonable notice of the deposition. A court has considerable discretion in determining whether to admit deposition testimony. *See Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990). At this point, there has been no showing that Dr. Johnson is unavailable. Perhaps he is beyond the 100-mile reach of the Court under Fed. R. Civ. P. 32(a)(4) since he left his deposition for call at a hospital in Nashville, but that has not been shown to date. Thus, the Court will **RESERVE RULING** on whether Dr. Johnson's deposition may be used at trial if he is designated as one of the three expert witnesses for any party.

The current predicament is of the parties' own making and a result of their own failure to timely complete discovery or timely seek court intervention to resolve what is essentially a discovery dispute. Dr. Johnson is an expert witness and not a fact witness. It is unknown

5

whether he will appear at trial. For the same reasons that Dr. Sperry must be produced for deposition if Defendant designates him as one of his three permitted expert witnesses for trial, so too must Dr. Johnson's deposition be completed prior to trial if he is designated or cross-designated by either party as one of the three permitted expert witnesses.

Accordingly, for the reasons above, it is hereby **ORDERED** that:

(1) Plaintiff's "Motion in Limine No. 12 to Exclude Unnecessarily Cumulative Expert Testimony" [Doc. 97] is **GRANTED** in that each party is limited to presenting the testimony of three expert witnesses at trial. On or before **Thursday, October 9, 2014, no later than 5:00 p.m. [EASTERN]**, each party is **DIRECTED** to file a list designating up to three expert witnesses whom the party expects to call to testify at trial. The deposition testimony of any expert witness not so designated (or cross-designated) **SHALL NOT** be introduced at trial.

(2) Plaintiff's "Motion in Limine No. 13 to Exclude Defense Expert Kris Sperry, M.D." [Doc. 114] is **GRANTED** only if Dr. Sperry is not designated by Defendant as one of his three experts for trial. If Dr. Sperry is so designated, then he **SHALL** be made available by Defendant for deposition prior to trial.

(3) Defendant's "Motion in Limine #26 to Exclude Plaintiff's Use of Deposition of Ben Johnson, M.D. at Trial" [Doc. 140] is **GRANTED** only if he is not designated or cross-designated as one of the three expert witnesses either side may present at trial. To the extent that Dr. Johnson is so designated, he **SHALL** be made available by Defendant for the conclusion of his deposition.

(4) If a deposition of Dr. Sperry or the completion of Dr. Johnson's deposition is necessary because either doctor has been selected to testify in accordance with

6

this order, the Court **DIRECTS** the parties to schedule and conduct such deposition so that the deposition will be completed prior to the start of the trial. The Court reminds the parties that they have multiple counsel of record for each side and that any failure to comply with this order may result in sanctions.

SO ORDERED.

ENTER:

                                           s/ *Susan K. Lee*
                                           SUSAN K. LEE
                                           UNITED STATES MAGISTRATE JUDGE