UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| GREGORY BALL, M.D., | ) ) |
| Defendant. | ) |

Case No. 1:11-cv-333-SKL

## O R D E R

Before the Court are "Motion in Limine #5 to Exclude Testimony and Argument Regarding Economic Opinions on Loss Earning Capacity, Present Cash Value of the Life of Donald Guthrie and Other Economic Issues" [Doc. 107] and "Motion in Limine #9 To Exclude Testimony and Argument Regarding Any New Expert Opinions" [Doc. 113] filed by Defendant Gregory Ball, M.D. ("Defendant"). Specifically, Defendant seeks to prevent Plaintiff from introducing any expert testimony about Mr. Guthrie's loss of earning capacity, the present cash value of the life of Mr. Guthrie, and any economic opinions pertaining to Donald Guthrie's work life expectancy, earning potential, lost wages, lost earning capacity, present cash value, or other economic information, data, or opinions because Plaintiff did not disclose experts concerning any such information or computation.

Plaintiff Karen Guthrie, individually and on behalf of the Estate of Donald Guthrie ("Plaintiff"), filed responses stating she does not intend to offer any expert testimony regarding economic damages, but does intend to offer evidence concerning Mr. Guthrie's medical bills and funeral expenses and may offer evidence about his receipt of disability payments [Doc. 164 & 166].

The main issue raised in the motions was the potential of undisclosed expert testimony about

Mr. Guthrie's loss of earning capacity, the present cash value of the life of Mr. Guthrie, and any opinions pertaining to Donald Guthrie's work life expectancy, earning potential, lost wages, lost earning capacity, present cash value, or other economic information, data, or opinions because Plaintiff did not disclose experts concerning any such information or computation. The aspects of the motions pertaining to expert testimony [Doc. 107 & 113] are **GRANTED** and Plaintiff is precluded from attempting to introduce expert testimony about such matters. Any other issues alluded to in the motions or responses will need to be addressed by asserting evidentiary objections at trial, if necessary.

    SO ORDERED.

    ENTER:

                                           s/ *Susan K. Lee*
                                           SUSAN K. LEE
                                           UNITED STATES MAGISTRATE JUDGE

2

Case 1:11-cv-00333-SKL   Document 200   Filed 10/08/14   Page 2 of 2   PageID #: 4483