UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY BALL, M.D.,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:11-cv-333-SKL<br>)<br>)<br>)<br>)<br>) |

## O R D E R

Before the Court is "Motion # 8 to Trifurcate, or in the Alternative, Bifurcate Trial" filed by Defendant Gregory Ball, M.D. ("Defendant") [Doc. 110]. Defendant seeks to trifurcate the trial of this matter into three stages: (1) compensatory liability and damages; (2) (if necessary) whether punitive damages are warranted by clear and convincing proof; and (3) (if necessary) the amount of punitive damages to be assessed. In the alternative, Defendant contends the trial should be bifurcated into two stages: (1) a determination of liability for, and the amount of, compensatory damages and liability for punitive damages; and, if necessary, (2) a subsequent determination of the amount of punitive damages pursuant to *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992). Plaintiff Karen Guthrie, individually and on behalf of the Estate of Donald Guthrie ("Plaintiff"), filed a response [Doc. 152] acknowledging that, under Rule 42(b) of the Federal Rules of Civil Procedure and *Hodges*, bifurcation is proper. Plaintiff, however, contends trifurcation should be denied. No reply was filed and this matter is now ripe.

The Court finds the request to bifurcate is well taken, but that trifurcation is not warranted. Accordingly, the "Motion # 8 to Trifurcate, or in the Alternative, Bifurcate Trial" [Doc. 110] is **GRANTED IN PART and DENIED IN PART** as follows: the request to trifurcate the trial is

**DENIED** and the request to bifurcate the trial is **GRANTED**.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

2