UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GREGORY BALL, M.D., | ) ) |
| Defendant. | ) |

Case No. 1:11-cv-333-SKL

# O R D E R

Before the Court is an eighth motion in limine filed by Plaintiff Karen Guthrie, individually and on behalf of the Estate of Donald Guthrie ("Plaintiff"), to exclude evidence of third parties not identified in the comparative negligence affirmative defense raised by Defendant Gregory Ball, M.D. ("Defendant") [Doc. 84]. Defendant's amended answer states an affirmative defense of comparative fault as follows:

> Defendant reserves the right, should discovery or evidence, including trial, indicate it appropriate, to plead the comparative negligence of Plaintiff or any other person or entity, as the proximate or contributing cause of all or a portion of Plaintiff's alleged injuries and damages and to take into account such evidence in apportioning and comparing negligence or fault, causation, or damages, whether in apportionment or mitigation. At this time, Defendant respectfully raises the comparative negligence of Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., a Nevada Company, Watson Laboratories, Inc., a Delaware Company, and Watson Pharma, Inc. (collectively, "Watson") as causing or contributing to Donald Guthrie's death by designing, manufacturing, developing, and/or distributing a defective fentanyl patch.

[Doc. 52, Page ID #: 327]. Defendant has filed a response to the motion in limine stating he agrees

with the motion [Doc. 170].  Accordingly, the motion in limine [Doc. 84] is **GRANTED**.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE