| | |
|---|---|
| KAREN GUTHRIE, *individually and on Behalf of the Estate of Donald Guthrie*, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREGORY BALL, M.D., *et al.*, )<br>)<br>Defendants. ) | No. 1:11-cv-333-SKL |

# ORDER

Before the Court is the "Motion in Limine No. 2 to Partially Exclude Evidence or Argument that Plaintiff Brought Product Liability Claims Against Watson or Plaintiff's Settlement with Watson" filed by Plaintiff Karen Guthrie, individually and on behalf of the Estate of Donald Guthrie ("Plaintiff") [Doc. 86], in which she seeks to exclude all evidence or argument regarding Plaintiff's product liability lawsuit against Watson Pharmaceuticals, Inc. and Plaintiff's settlement of that lawsuit. Defendant Gregory Ball, M.D. ("Defendant") failed to file a timely response and the Court could deem Defendant's failure as a waiver of all opposition to the relief requested by Plaintiff under E.D. Tenn. L.R. 7.2. The Court will not deem it a waiver, however, because this is an evidentiary matter and it promotes judicial efficiency for the Court to consider and address Defendant's arguments in his late-filed response [Doc. 168]. Plaintiff has filed a reply [Doc. 189] and the matter is now ripe.

Also before the Court is Plaintiff's "Motion in Limine No. 6 to Exclude Any Reference to Different Lawsuits in Which Plaintiff's Counsel Has Represented Different Clients Against Different Drug Manufacturers" [Doc. 92]. Defendant again failed to file a response by the deadline set in the scheduling order, but the Court will nevertheless consider Defendant's late-filed

response [Doc. 187].

## I. FACTUAL BACKGROUND

Prior to the filing of this lawsuit, Plaintiff brought an action in this Court styled *Guthrie v. Watson Pharmaceuticals, Inc.*, No. 1:11-cv-109. This prior action alleged product liability claims against Watson Pharmaceuticals, Inc. as well as its subsidiaries (collectively, "Watson"), which designed, manufactured, marketed, and distributed the fentanyl patch worn by Plaintiff's late husband, Donald Guthrie, at the time of his death. Plaintiff alleged in her complaint that the fentanyl patch was defective and unreasonably dangerous and caused Mr. Guthrie's death because it malfunctioned and gave Mr. Guthrie a much higher dose of fentanyl than a properly functioning patch should have given him. Plaintiff later amended her complaint to include and assert claims of negligence against Defendant and Melissa Rogers, a physician's assistant, but later voluntarily dismissed them from that case. Thereafter, the case was transferred to the Northern District of Illinois as part of a multidistrict litigation ("MDL"), styled *In Re: Watson Fentanyl Patch Products Liability Litigation*, No. 1:12-cv-6296, MDL No. 2372. The parties report that Plaintiff and Watson reached a settlement of the case in the MDL before any depositions were taken.

In this case, Plaintiff sued Defendant and Ms. Rogers for the alleged wrongful death of Mr. Guthrie, which Plaintiff claims was caused by their negligent or wrongful conduct in prescribing to Mr. Guthrie fentanyl patches manufactured by Watson. Plaintiff alleges that a toxicology report performed after Mr. Guthrie's death showed that he had a fatal fentanyl concentration in his blood at the time of his death, and the medical examiner listed the cause of death as fentanyl toxicity.

Additionally, counsel for Plaintiff reportedly has been involved in numerous product liability lawsuits against several different manufacturers of fentanyl patches, in which Plaintiff's counsel represented clients other than Plaintiff.

In Plaintiff's second motion in limine, Plaintiff seeks to exclude all evidence or argument regarding Plaintiff's product liability lawsuit against Watson and the settlement of that lawsuit at the trial in this case. In Plaintiff's sixth motion in limine, Plaintiff seeks to exclude all evidence of statements made or positions taken by Plaintiff's counsel in other cases involving fentanyl patches, as well as statements made by expert witnesses in such other cases.

## II.   STANDARD

"In a diversity case, the admissibility of evidence is a procedural matter governed by federal law." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000). A motion in limine is a motion "'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 581 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The goal of a motion in limine is "'to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). As the Sixth Circuit has noted, "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless otherwise provided by the Constitution, federal statute, or the Federal Rules of Evidence, and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence may be excluded by the court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." Fed. R. Evid. 403. Evidence of settlement negotiation and agreement is generally inadmissible for any purpose, including impeachment, except in limited cases of witness bias or prejudice, or to negate a contention of undue delay. *See* Fed. R. Civ. P. 408.

## III. ANALYSIS

The Court will first address Plaintiff's second motion in limine [Doc. 86] and will then address Plaintiff's sixth motion in limine [Doc. 92].

### A. Plaintiff's "Motion in Limine No. 2 to Partially Exclude Evidence or Argument that Plaintiff Brought Product Liability Claims Against Watson or Plaintiff's Settlement with Watson" [Doc. 86]

In Plaintiff's second motion in limine, Plaintiff seeks to exclude evidence and argument regarding (1) Plaintiff's liability claims previously brought against Watson, and (2) Plaintiff's settlement of those claims with Watson. The Court will address each of these issues in turn.

#### 1. Admissibility of Plaintiff's Product Liability Claims Against Watson

Plaintiff argues that the Court should exclude all evidence or argument regarding the product liability claims that Plaintiff previously alleged against Watson. Plaintiff's argument is based on Rule 8(d)(2) of the Federal Rules of Civil Procedure, which allows a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or in separate ones" and Rule 8(d)(3), which allows a party to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(2)-(3). Plaintiff cites to case law from a variety of other circuits in support of her contention that "[m]ost federal courts considering the issue have held that alternative pleadings should not be admitted as an admission or for impeachment." [Doc. 86 at Page ID # 910-11]. However, the case law cited by Plaintiff from other circuits is not binding on this Court, and as noted by Defendant in his response, Plaintiff has

4

Case 1:11-cv-00333-SKL   Document 209   Filed 10/09/14   Page 4 of 11   PageID #: 4513

failed to reference the Sixth Circuit law on this issue.

The Sixth Circuit has held that "'[p]leadings in a prior case may be used as evidentiary admissions.'" *Barnes*, 201 F.3d at 829 (quoting *Williams v. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir. 1986)). "While the naming of the other defendants [in prior cases' complaints] is not necessarily an 'admission' of the other defendants' liability, the complaints admit the existence of potential claims against the named defendants that may be relevant to causation." *Id.* (citations omitted). In *Barnes*, the Sixth Circuit found that the plaintiffs' complaints from prior cases against other named defendants were "relevant to causation and sufficiently probative to survive Rule 403 scrutiny" and noted that it had previously reversed a district court decision "not to allow into evidence a prior complaint claiming the injuries alleged were caused by a different defendant." *Id.* (citing *Williams*, 790 F.2d at 556).

Plaintiff's prior complaint against Watson alleged that Watson was liable for Mr. Guthrie's wrongful death. Because the Sixth Circuit has made it clear that "evidence [of] a prior complaint claiming the injuries alleged were caused by a different defendant" should be admitted into evidence, *Barnes*, 201 F.3d at 829; *see also Williams*, 790 F.2d at 556, Plaintiff's prior complaint against Watson will not be excluded from evidence and argument at trial of the instant case.

Plaintiff makes additional arguments in support of her motion in her reply brief. Plaintiff argues that *Williams v. Union Carbide* is distinguishable and should not apply here, because it did not involve a situation involving alternative or hypothetical pleadings. In *Barnes*, however, the Sixth Circuit held that the naming of other defendants in a complaint is not necessarily an admission of the other defendants' liability, but "the complaints admit the existence of potential claims against the named defendants that may be relevant to causation." 201 F.3d at 829. The Sixth Circuit found that there was no reason to treat differently a situation involving prior

5

allegations that other defendants were also liable from the situation in *Williams*, where the prior complaint alleged that the injuries were caused by a different defendant. Thus, the Sixth Circuit held that the allegations in the prior complaint against jointly liable defendants were admissible, as they were "relevant to causation and sufficiently probative to survive Rule 403 scrutiny." *Id.* Plaintiff's argument therefore fails.

Plaintiff argues that Defendant has no evidence that a defective Watson patch caused Mr. Guthrie's injuries, and that evidence to the contrary came to light after the filing of Plaintiff's lawsuit against Watson. Plaintiff argues that it would be unfairly prejudicial to allow Defendant to use an alternative pleading that Mr. Guthrie's injuries were caused by a defective patch when the pleading was filed a year before evidence to the contrary was published. Such explanations would more appropriately be made to the jury, who will determine the weight to give all the evidence.

In addition, because comparative fault is an affirmative defense under Tennessee law, a defendant who raises such a defense is required to prove a prima facie case of negligence against any nonparty he contends was negligent, and Defendant will bear that burden here. *See Banks v. Elks Club Pride of Tenn. 1102*, 301 S.W.3d 214 (Tenn. 2010). In spite of the vast motion practice in this case, Plaintiff never sought summary judgment on Defendant's assertion of an affirmative defense of comparative fault against Watson in this case.

Plaintiff also argues in her reply that a party's complaint is only admissible against the party if it can be shown that the party supplied the information in the complaint. Plaintiff cites to a Sixth Circuit case from 1968 in support of this contention, *Kesmarki v. Kisling*, 400 F.2d 97 (6th Cir. 1968). However, more recent Sixth Circuit case law has made it clear that "under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the court.

6

Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well." *Barnes*, 201 F.3d at 829 (citations and internal quotation marks omitted). Furthermore, "[a]s a general matter, complaints are admissible under Rule 801(d)(2)(a) and specifically under the case law set forth in *American Title*." *Id.* (citing *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). Thus, this argument, which was made by Plaintiff for the first time in her reply, also fails.

Plaintiff's third and final argument is that pleadings are not automatically admissible, as evidenced by the "pleadings" that Defendant has filed seeking to exclude evidence from trial. Plaintiff contends that because Defendant has requested in his motions in limine that Plaintiff be prohibited from making any reference to the fact that the motions were filed due to concerns of unfair prejudice, the complaint filed by Plaintiff against Watson is likewise not automatically admissible. Plaintiff argues that if the Court were to accept Defendant's logic, Plaintiff could introduce Defendant's motions in limine as admissions simply because they are "pleadings." This third argument ignores Rule 7(a) of the Federal Rules of Civil Procedure, which defines "pleadings" as "a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a); *see also Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 374 (6th Cir. 2006). Courts do not recognize that motions or responses to motions constitute a "pleading" under Rule 7(a). *See Rouse v. Caruso*, No. 06–10961–DT, 2007 WL 209920, *2, (E.D. Mich. Jan. 24, 2007); *see also* Fed. R. Civ. P. 7(b).

As Plaintiff's motions-as-pleadings argument fails and it is well established in the Sixth Circuit that pleadings from prior cases may be used as evidentiary admissions subject to

7

explanation, Plaintiff's second motion in limine will be **DENIED IN PART** with respect to Plaintiff's prior allegations against Watson.

2. Admissibility of Plaintiff's Settlement with Watson

Plaintiff argues that the Court should exclude all evidence or argument regarding the settlement of Plaintiff's product liability claims against Watson under Rules 403 and 408 of the Federal Rules of Evidence. Plaintiff argues that "[t]he plain language of Rule 408 forbids the admission of settlements" for the purpose of arguing that the patch was defective, which Plaintiff expects Defendant to argue at trial. [Doc. 86 at Page ID # 912]. Plaintiff further argues that the settlement's probative value would be substantially outweighed by its prejudicial effect under Rule 403.

As noted above, evidence of settlement negotiation and agreement is generally inadmissible for any purpose under Rule 408 of the Federal Rules of Evidence. Defendant, in his response, agrees that Plaintiff's settlement with Watson is inadmissible under Rule 408. Accordingly, Plaintiff's motion will be **GRANTED IN PART** with respect to the settlement between Plaintiff and Watson.

B. **Plaintiff's "Motion in Limine No. 6 to Exclude Any Reference to Different Lawsuits in Which Plaintiff's Counsel Has Represented Different Clients Against Different Drug Manufacturers" [Doc. 92]**

In this motion, Plaintiff seeks to exclude any reference to the lawsuits in which Plaintiff's counsel has represented, or is contemporaneously representing, different clients who are suing other drug manufacturers. Plaintiff also argues that any statements by expert witnesses in these other cases should also be excluded. As grounds for her motion, Plaintiff argues that such lawsuits are irrelevant to this case under Rule 401; such lawsuits would be unfairly prejudicial under Rule 403; any statements made by or pleadings filed by Plaintiff's counsel in such other

lawsuits would constitute hearsay for which no exception applies for use in this case under Federal Rule of Evidence 801 ("Rule 801"); statements by expert witnesses from such lawsuits who are not serving as expert witnesses in this case would be unfairly prejudicial under Rule 403; and because permitting statements made by or positions taken by Plaintiff's counsel or Plaintiff's counsel's previously retained experts in such lawsuits to be admitted in this case runs counter to public policy.

In response, Defendant agrees not to make any reference to the fact that Plaintiff's counsel has represented hundreds of clients in fentanyl patch litigation. Defendant argues, however, that he should be permitted to cross-examine Plaintiff's experts as to their prior involvement in cases on behalf of Plaintiff's counsel, as such information is proper and fair grounds for cross-examination because it goes towards credibility, bias, and prejudice of the expert. Defendant also argues that while it is not clear because the motion is vague, if the motion seeks to exclude any reference to Plaintiff's counsel's prior representation of Plaintiff against Watson, Defendant should be permitted to introduce evidence of Plaintiff's prior claim against Watson, and incorporates his response to Plaintiff's Motion in Limine No. 2.

The Court agrees with Defendant. As ruled above with respect to Plaintiff's Motion in Limine No. 2, Defendant may introduce Plaintiff's prior complaint allegations against Watson as an evidentiary admission. Thus, the instant motion is **DENIED IN PART** in that references to Plaintiff's prior lawsuit against Watson will not be excluded. Additionally, Defendant may cross-examine Plaintiff's expert witnesses as to their prior involvement with Plaintiff's counsel because such questions go towards the credibility and bias of the expert. *See e.g., Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, Nos. 11-10658, 11-11003, 11-11855, 2011 WL 4507417, at *5 (cross-examination of an expert witness regarding fees earned by the expert in

9

Case 1:11-cv-00333-SKL   Document 209   Filed 10/09/14   Page 9 of 11   PageID #: 4518

other cases is proper to show bias). Thus, Plaintiff's motion is **DENIED IN PART** in that Defendant may cross-examine Plaintiff's expert witnesses regarding their prior involvement on other cases with Plaintiff's counsel and positions they took in regard to those cases. Finally, Plaintiff's motion will be **GRANTED IN PART** in that Defendant may not make any reference to any other lawsuits in which Plaintiff's counsel has represented clients other than Plaintiff that do not involve his designated experts in this case.

## IV. CONCLUSION

Accordingly, Plaintiff's "Motion in Limine No. 2 to Partially Exclude Evidence or Argument that Plaintiff Brought Product Liability Claims Against Watson or Plaintiff's Settlement with Watson" [Doc. 86] is:

(1) **GRANTED IN PART** in that evidence of Plaintiff's settlement with Watson is excluded from trial; and

(2) **DENIED IN PART** in that Plaintiff's prior product liability lawsuit against Watson may be introduced by Defendant as an evidentiary admission.

Plaintiff's "Motion in Limine No. 6 to Exclude Any Reference to Different Lawsuits in Which Plaintiff's Counsel Has Represented Different Clients Against Different Drug Manufacturers" [Doc. 92] is:

(1) **GRANTED IN PART** in that Defendant may not reference the other cases in which Plaintiff's counsel represented clients other than Plaintiff in lawsuits against manufacturers of fentanyl patches;

(2) **DENIED IN PART** in that Defendant may cross-examine/impeach Plaintiff's expert witnesses regarding their prior involvement on other cases where they were retained by Plaintiff's counsel or his firm; and

(3) **DENIED IN PART** with regard to Plaintiff's counsel's representation of Plaintiff

against Watson.

SO ORDERED.

ENTER:

                                                   s/ *Susan K. Lee*
                                                   SUSAN K. LEE
                                                   UNITED STATES MAGISTRATE JUDGE