UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREGORY BALL, M.D., )<br>)<br>Defendant. ) | Case No. 1:11-cv-333-SKL |

# **O R D E R**

Before the Court is "Motion in Limine #6 to Exclude Any Argument by Plaintiff's Counsel Referencing the Monetary Demand in Plaintiff's Complaint" [Doc. 108] filed by Defendant Gregory Ball, M.D. ("Defendant") to prohibit Plaintiff Karen Guthrie, individually and on behalf of the Estate of Donald Guthrie ("Plaintiff") from disclosing the demand made in her complaint and any amended complaint pursuant to Tenn. Code. Ann. § 29-26-117. In Plaintiff's response [Doc. 149], she agrees that she will not reference the monetary demand in her complaint at trial, but notes that she should not be prohibited from arguing the monetary value of the non-economic damages or the ultimate monetary worth of the case. No reply was filed.

On the one hand, Tenn. Code Ann. § 29-26-117 provides, "[i]n a health care liability action the pleading filed by the plaintiff may state a demand for a specific sum, but such demand shall not

be disclosed to the jury during a trial of the case; notwithstanding § 20-9-302 to the contrary."[1] On the other hand, Tenn. Code Ann. § 20-9-304 provides, "[i]n the trial of a civil suit for personal injuries, counsel shall be allowed to argue the worth or monetary value of pain and suffering to the jury; provided, that the argument shall conform to the evidence or reasonable deduction from the evidence in such case." As held by both this Court and the Supreme Court of Tennessee, reading these two statutes together, a plaintiff may argue the worth or monetary value of pain and suffering to the jury, but she may not disclose the specific sum sought in the complaint. *Elliott v. Cobb*, 320 S.W.3d 246, 251 (Tenn. 2010); *Donathan v. Orthopaedic & Sports Med. Clinic, PLLC*, No. 4:07-cv-18, 2009 WL 3584263, at *2 (E.D. Tenn. Oct. 26, 2009).[2]

Accordingly, the motion [Doc. 108] is **GRANTED IN PART and DENIED IN PART** as follows: Plaintiff is prohibited from disclosing the *ad damnum* clause in her complaint to the jury, but she may argue the worth or monetary value of any non-economic damages to the jury.

SO ORDERED.

ENTER:

                                                s/*Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Tenn. Code Ann. § 20-9-302 provides, "[i]n the trial of any civil suit, counsel shall be permitted to read the counsel's entire declaration, including the amount sued for, to the jury at the beginning of the lawsuit, and may refer to the declaration in argument or summation to the jury."

[2] As noted in the concurring opinion in *Elliott*, "without evidence of pain and suffering, an argument regarding the worth or monetary value of pain and suffering should not be permitted." 320 S.W.3d at 252. This order does not address other pending motions about such issues.