UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) ) |
| GREGORY BALL, M.D., | ) ) |
| Defendant. | ) |

Case No. 1:11-cv-333-SKL

# **O R D E R**

Before the Court is "Motion in Limine #1 to Limit the Amount of Medical Bills Claimed by Plaintiff" filed by Defendant Gregory Ball, M.D. ("Defendant") [Doc. 105]. Plaintiff Karen Guthrie, individually and on behalf of the Estate of Donald Guthrie ("Plaintiff") filed a response agreeing to the entry of an order limiting evidence of the medical bills claimed to the amount permitted under Tenn. Code Ann. § 29-26-119 [Doc.161].

Defendant's motion asserts Plaintiff may attempt to claim the full amount of the medical bills incurred by Mr. Guthrie despite the fact that insurance and Medicare covered all of Mr. Guthrie's bills after adjustments and write-offs. Defendant argues that because Tenn. Code Ann. § 29-26-119 limits any recovery to actual economic losses, Plaintiff may not recover the amount billed, and instead may only recover the discounted amount actually paid or payable. Defendant bases this argument on the language of Tenn. Code Ann. § 29-26-119, which allows Plaintiff to recover only "actual economic losses," two district court decisions interpreting this statute, *Nalawagan v. Hai*

*v. Dang*, No. 06–2745–STA–dkv, 2010 WL 4340797, at *2–*3 (W.D. Tenn. Oct. 27, 2010) and *Calaway ex rel. Calaway v. Schucker*, No. 2:02-cv-02715, 2013 WL 960495 (W.D. Tenn March 12, 2013), and *Hughlett v. Shelby County Health Care Corp.*, 940 S.W.2d 571, 574 (Tenn. Ct. App. 1996).

Tenn. Code Ann. § 29-26-119[1] states that in a medical malpractice case, a plaintiff may not recover for the cost of medical care if that cost was indemnified in whole or in part by employer-provided insurance. *Richardson v. Miller*, 44 S.W. 3d 1, 32 (Tenn. App. 2000). The statute seeks to prohibit injured parties from realizing a double recovery by reducing a plaintiff's recovery by the amount of benefits paid by employer-provided insurance. *See Nance v. Westside Hosp.*, 750 S.W.2d 740, 742 (Tenn.1988). Excluded, however, from the statute's general operation are collateral payments made where the collateral payor has subrogation rights. *See id.* at 743.

In *Hughlett*, the court held the statute did not apply to Medicaid payments. 940 S.W.2d at 573-74. *Hughlett* essentially holds that where the injured insured must repay the insurer out of any damages recovered, such as with Medicaid payments, the insured realizes no double recovery. In

---

[1] The statute provides:

> Damages.—In a health care liability action in which liability is admitted or established, the damages awarded may include (in addition to other elements of damages authorized by law) actual economic losses suffered by the claimant by reason of the personal injury, including, but not limited to, cost of reasonable and necessary medical care, rehabilitation services, and custodial care, loss of services and loss of earned income, but only to the extent that such costs are not paid or payable and such losses are not replaced, or indemnified in whole or in part, by insurance provided by an employer either governmental or private, by social security benefits, service benefit programs, unemployment benefits, or any other source except the assets of the claimant or of the members of the claimant's immediate family and insurance purchased in whole or part, privately and individually.

other words, where a right of subrogation exists or where the tort victim has a legal obligation to repay the collateral source payor, then the victim's losses have not been "replaced or indemnified" for purposes of Tenn. Code Ann. § 29-26-119.

In *Nalawagan*, the court addressed whether a plaintiff may only recover the discounted amount actually paid or payable. After finding that no Tennessee state courts had addressed the precise issue, the district court predicted the state courts would hold a plaintiff may not recover the amounts actually billed by the plaintiff's medical providers over and above the amounts paid or payable by Medicaid based on *Hughlett*. The court in *Nalawagan* reasoned that the plain language of the statute is "sufficiently clear" and "contemplates the recovery of 'actual economic losses suffered by the claimant' including medical expenses, 'but only to the extent' of costs 'not paid or payable.'" *Nalawagan*, 2010 WL 4340797, at *3 (quoting Tenn.Code Ann. § 29-26-119). The court further held that, "in so far as amounts billed by the providers for medical care differ from actual amounts 'paid or payable,' [p]laintiff is not entitled to recover amounts billed pursuant to the statute." *Id*.

While *Nalawagan* pertained to Medicaid billing, in *Calaway ex rel. Calaway v. Schucker*, No. 2:02-cv-02715, 2013 WL 960495 (W.D. Tenn March 12, 2013), the court applied the same reasoning to insurance holding that just as a plaintiff may recover only Medicaid expenses that are paid or payable, a plaintiff may recover only expenses that are paid or payable by private insurance under Tenn.Code Ann. § 29-26-119. Thus, Defendant's motion to limit Plaintiff's medical expenses to the amount billed is well taken.

Plaintiff has cited to no cases reaching a contrary result, and appears to agree the motion is well taken. Thus, the motion to limit the amount of medical bills claimed by Plaintiff [Doc. 105]

is **GRANTED** and Plaintiff will be limited to seeking damages for medical bills to expenses actually "paid or payable" pursuant to Tenn.Code Ann. § 29-26-119.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE