UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE, )
)
)
Plaintiff, )
) Case No. 1:11-cv-333-SKL
v. )
)
GREGORY BALL, M.D., )
)
Defendant. )

# O R D E R

Before the Court is an "omnibus" motion in limine filed by Plaintiff Karen Guthrie, individually and on behalf of the Estate of Donald Guthrie ("Plaintiff"), which contains, in effect, multiple motions in limine that seek to prohibit Defendant Gregory Ball, M.D. ("Defendant") from introducing any evidence or argument regarding various matters [Doc. 129]. Initially, the Court notes the omnibus motion is completely devoid of any authority supporting the positions taken by Plaintiff and this alone is reason enough to reject the motion in its entirety, but the Court will not do so in the interest of facilitating a smooth trial. The motion appears to be mainly a collection of general claims unsupported by any specific information and, at times, the motion does not even appear to be specific to this case as far as the Court can tell. In many respects, the motion appears to be prophylactic and largely unnecessary, but given that Defendant filed two responses addressing various aspects of the motion [Doc. 170 & 184], the Court will attempt to address the issues.

The issues will be addressed and numbered in the order listed in the motion.

**16.    Life Insurance Proceeds or Settlement from another Defendant**

The Court was provided no information regarding any possible use of information concerning life insurance proceeds, if there were any, and there can be no evidence of any settlement

payment by another defendant because the only other defendant in this case was granted summary judgment long ago. Defendant asserts he has no objection to this request so long as it does not waive any right to set off, if any. Accordingly, motion in limine No. 16 is granted and to the extent there were any life insurance proceeds, mention or evidence of same is precluded at trial.

### 17. Failure to Call Witness

Denied. The laconic motion fails to identify any witness at issue as pointed out by Defendant in his response objecting to this motion.

### 18. Photographs and Films

Defendant asserts he has no objection to this request so long as it applies equally to both parties. All exhibits were required to be disclosed and pre-marked in accordance with the scheduling order and final pretrial order. In addition, the parties were required to endeavor to stipulate to admissibility of all exhibits and set forth the basis for any objection to admissibility in the final pretrial order. It is extremely unlikely that either party will attempt to, or be allowed to, introduce evidence not disclosed in discovery or in compliance with the scheduling order and final pretrial order, but it is perhaps theoretically possible. Albeit unlikely, if the situation arises, the matter should be brought to opposing counsel's attention first and then to the attention of the Court outside the presence of the jury. **THE PARTIES ARE PLACED ON NOTICE THAT THEY MUST ALSO SHOW ONE ANOTHER THEIR ANTICIPATED DEMONSTRATIVE AIDS AT LEAST THREE DAYS PRIOR TO USE AT TRIAL, INCLUDING ANY POWERPOINT PRESENTATION.** Accordingly, motion in limine No. 18 is granted and will apply equally to both parties.

**19. Adverse Impact of Malpractice Claims on Insurance Rates**

Defendant asserts he has no objection to this request so long as it applies equally to both parties. Accordingly, motion in limine No. 19 is granted and will apply equally to both parties.

**20. Undisclosed Documents**

Defendant asserts he has no objection to this request. Accordingly, motion in limine No. 20 is granted. It is extremely unlikely that either party will attempt to introduce evidence not disclosed in discovery, but it is, at least, theoretically possible. Albeit unlikely, if the situation arises, the matter should be brought to the attention of the Court outside the presence of the jury.

**21. Defendant's Expression of Remorse**

Denied, within reason. If Plaintiff feels that any expressions of sympathy are going to far, she should object at trial.

**22. Exclusion of Proof by Court**

Defendant asserts he has no objection to this request so long as it applies equally to both parties. Accordingly, motion in limine No. 22 is granted and will apply equally to both parties.

**23. Medical Malpractice Crisis**

Defendant asserts he has no objection to this request. Accordingly, motion in limine No. 23 is granted.

**24. Contingent Fee Arrangement**

Defendant asserts he has no objection to this request. Accordingly, motion in limine No. 24 is granted.

**25. Lawsuits Against Doctors Because They Have "Deep Pockets"**

Defendant asserts he has no objection to this request so long as it applies equally to both

parties in the sense that Plaintiff may not make similarly inflammatory arguments such as "put yourself in the shoes of Plaintiff." Accordingly, motion in limine No. 25 is granted and will apply equally to both parties.

**26.   "Innocent Until Proven Guilty" Argument**

Defendant asserts he has no objection to this request. Accordingly, motion in limine No. 26 is granted.

**27.   Other Fentanyl Lawsuits Brought by Plaintiff's Lawyers**

Granted, but only to the extent Plaintiff was not a party to the lawsuit. Plaintiff's lawsuit against the "Watson entities" will be addressed in another order. In addition, this order does not preclude any evidence of repeated association between any expert and hiring counsel, as this remains a legitimate area of examination.

**28.   Plaintiff's Lawyer's Advertising for Claimants**

Defendant asserts he has no objection to this request. Accordingly, motion in limine No. 28 is granted.

**29.   Contingency Fee Arrangement**

Granted, again–see item 24 above.

**30.   Failure to call Equally Available Witness**

Granted without objection and will apply equally to both parties, but see item 17 above.

**31.   Evidence Concerning Geographic Location of Out-of-State Lawyers**

Defendant asserts he has no objection to this request. The Court will inquire of the potential jurors about any possible familiarity with both Plaintiff's out-of-state attorneys and Defendant's out-of-town and in-town attorneys. Beyond that, the Court is not aware of any legitimate, relevant

reason why either side would raise the issue of either firms' locations and will prohibit same. Accordingly, motion in limine No. 31 is granted.

### 32. Mention of Literature Not Provided Prior to Trial

Defendant asserts he has no objection to this request so long as it applies equally to both parties. Accordingly, motion in limine No. 32 is granted and will apply equally to both parties. The Court's scheduling order, final pretrial order, and orders on other motions in limine will also govern this issue. Defendant's "request" that both parties identify any medical, scientific or technical literature, book, or article to opposing party one day prior to use at trial appears reasonable and the parties are directed to discuss same to determine if they can reach an agreement on this matter.

### 33. How Plaintiff First Contacted Plaintiff's Counsel

Defendant asserts he has no objection to this request. Accordingly, motion in limine No. 33 is granted.

SO ORDERED.

ENTER:

                                            s/ *Susan K. Lee*
                                            SUSAN K. LEE
                                            UNITED STATES MAGISTRATE JUDGE