UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:11-cv-333-SKL |
| GREGORY BALL, M.D., | ) ) | |
| Defendant. | ) ) | |

**O R D E R**

Before the Court is "Motion in Limine #25 to Exclude Reference to Dr. Ball's Attendance of Medical School in Granada, West Indies" filed by Defendant Gregory Ball ("Defendant") to prohibit Plaintiff Karen Guthrie, individually and on behalf of the Estate of Donald Guthrie ("Plaintiff"), from making any reference to or suggestion that Defendant attended medical school in Granada, West Indies *because* he could not get into a medical school in the United States [Doc. 139] (emphasis added). Plaintiff filed a response in opposition to the motion in which she correctly argues the educational background of any medical witness is relevant in a medical negligence case, but she fails to address how the reason he chose to go to school in Granada has any relevance [Doc. 174]. No reply was filed.

It appears to be undisputed that Defendant is board certified in pain management and anesthesiology, has been licensed and practicing medicine in Tennessee since 1994, and, while Dr. Ball started medical school in the West Indies, he completed medical school training at the Medical College of Georgia in Augusta, Georgia. Defendant correctly argues that the fact that Dr. Ball went to medical school in Granada, West Indies for the first two years of medical school *because* he was wait-listed at medical schools in the United States is irrelevant under Rules 401 and 402 of the

Federal Rules of Evidence. However, where Defendant went to medical school is not irrelevant, as argued by Plaintiff. Therefore, Plaintiff may ask Defendant about his medical education, including his first two years in medical school in Granada, but she is prohibited from making any reference to, or suggestion that, Defendant attended medical school in Granada, West Indies *because* he could not get into a medical school in the United States as the reasons why he chose to go to school in Granada are not relevant and could be unfairly prejudicial.

Accordingly, the "Motion in Limine #25 to Exclude Reference to Dr. Ball's Attendance of Medical School in Granada, West Indies" [Doc. 139] is **GRANTED IN PART and DENIED IN PART** as set forth herein.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

2