UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KAREN GUTHRIE, *Individually and on behalf of the estate of* DONALD GUTHRIE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| GREGORY BALL, M.D., | ) ) |
| Defendant. | ) |

Case No. 1:11-cv-333-SKL

## **O R D E R**

Before the Court is "Motion in Limine #18 to Exclude Any Argument, Testimony, or Other Evidence Regarding Plaintiff's Claim for Punitive Damages or That Defendant Acted Intetionally [sic], Maliciously, Fraudulently, Or Recklessly" filed by Defendant Gregory Ball, M.D. ("Defendant") [Doc. 132]. Plaintiff filed a response in opposition to the motion along with almost 200 pages of deposition testimony and other documents attached as exhibits [Doc. 175]. No reply was filed.

In summary, Defendant claims that because the complaint lacks any factual allegations supporting her punitive damages claim and because there are no facts or expert opinions supporting such a claim, her motion in limine should be granted under the reasoning of *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992) and its progeny. Plaintiff responds that the motion in limine is nothing more than a thinly disguised, belated dispositive motion.

The complaint, which alleges a punitive damages claim, was filed November 14, 2011. The deadline for filing dispositive motions expired on August 11, 2014. The Court agrees that this motion is a dispositive motion attempting to masquerade as a motion in limine, as argued by Plaintiff. Under the Federal Rules of Civil Procedure, the argument that Plaintiff's punitive damages

claim is not supported by sufficient factual averments in the complaint is more properly addressed by a Rule 12 motion and the argument that the undisputed facts demonstrate that Defendant did not act intentionally, maliciously, fraudulently, or recklessly is more properly addressed by a Rule 56 motion.

The irony of the situation is not lost on the Court, since many of the 60+ in limine requests filed by the parties go way beyond the bounds of a proper motion in limine. *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 561-63 (6th Cir. 3013). While Plaintiff may well be accused of employing a similar strategy with respect to some of her in limine filings, Defendant failed to file a Rule 12 or Rule 56 motion on Plaintiff's punitive damages claim. The Court concludes it would be improper to address this important issue without affording Plaintiff the protections built into Rules 12 and 56 with respect to both the timing, standards, and substance of such dispositive motions under the circumstances. *Id.*

Accordingly, the "Motion in Limine #18 to Exclude to Exclude Any Argument, Testimony, or Other Evidence Regarding Plaintiff's Claim for Punitive Damages or That Defendant Acted Intetionally [sic], Maliciously, Fraudulently, Or Recklessly" [Doc. 132] is **DENIED** on the current record.

SO ORDERED.

ENTER:

                                        s/ *Susan K. Lee*
                                        SUSAN K. LEE
                                        UNITED STATES MAGISTRATE JUDGE